# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JIMMIE C. BIRMINGHAM,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) CIVIL NO. 07-cv-783-GPM |
| | ) |
| **JOSEPH LEBERMAN,** *et al.*, | ) |
| | ) |
| Respondents. | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Petitioner brings this habeas corpus action pursuant to 28 U.S.C. § 2254. This case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." After carefully reviewing the petition in the present case, the Court concludes that Petitioner is not entitled to relief, and the petition must be dismissed.

From the original petition for writ of certiorari (Doc. 1) and the petition for habeas corpus relief (Doc. 3), the Court gleans the following chronology of events: In September 2007, an arrest warrant was issued by the Circuit Court of Pope County; Petitioner was charged with violation of supervision with regards to the unlawful display of a registration sticker. In December 2007, after he had filed this action, Petitioner was sentenced to 364 days in Saline County Jail. Petitioner believes that some procedural error occurred, so he seeks immediate release (*see* Doc. 3).

Federal law requires that state prisoners give state courts a fair opportunity to act on their claims before bringing habeas claims in federal court. *See* 28 U.S.C. § 2254(c); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1998); *Kurzawa v. Jordan*, 146 F.3d 435, 440 (7th Cir. 1998). The requirement that state courts have the first opportunity to cure a claim of continued confinement in an unconstitutional fashion stems from the understanding that state courts are equally obliged to follow federal law and from the desire for comity between state and federal court systems. *See O'Sullivan*, 526 U.S. at 844-45, 119 S.Ct. 1728; *Coleman v. Thompson*, 501 U.S. 722, 731, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). A "fair presentment" of a petitioner's claims requires that a petitioner give state courts "a meaningful opportunity to pass upon the substance of the claims [petitioner] later presses in federal court." *Howard v. O'Sullivan*, 185 F.3d 721, 725 (7th Cir. 1999).

*Spreitzer v. Schomig*, 219 F.3d 639, 644-45 (7th Cir. 2000). "A petitioner presents [his] claims fully simply by pursuing all available avenues of relief provided by the state before turning to the federal courts." *Howard*, 185 F.3d at 725; *Kurzawa v. Jordan*, 146 F.3d 435, 440 (7th Cir. 1998). Further, "[i]f a prisoner fails to present his claims in a petition for discretionary review to a state court of last resort, those claims are procedurally defaulted." *Rodriguez v. Scillia*, 193 F.3d 913, 917 (7th Cir. 1999); *see also O'Sullivan*, 526 U.S. at 848.

Based on the chronology of events outlined above, it is clear that Petitioner did not exhaust his state remedies before seeking relief in the federal court.[1] Therefore, this habeas action does not survive review under Rule 4, and this action is **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

DATED: 08/04/08

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge

---

[1] Petitioner also asks the Court find respondents to be in contempt of court, and for an award of $350,000 (*see* Doc. 1). However, until Petitioner's conviction is overturned, vacated, or expunged, any action for damages is barred by *Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994).